MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------X
OSEAS QUIC (A.K.A. BRAYAN), CARLOS
CHICOJ MEJIA, JAVIER HERNANDEZ,
RUBEN GONZALEZ CRUZ, and LUIS
RONALDO SUY IGNACIO, *individually and
on behalf of others similarly situated,*

                                    *Plaintiffs*,

              -against-

UNCLE MARIO'S BRICK OVEN PIZZA
LLC (D/B/A UNCLE MARIO'S BRICK
OVEN PIZZA), DOMENICO ABITINO, and
DAVID CORTEZ,

                                    *Defendants.*
    --------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Oseas Quic (a.k.a. Brayan), Carlos Chicoj Mejia, Javier Hernandez, Ruben

Gonzalez Cruz, and Luis Ronaldo Suy Ignacio, individually and on behalf of others similarly

situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates,

P.C., upon their knowledge and belief, and as against Uncle Mario's Brick Oven Pizza LLC (d/b/a

Uncle Mario's Brick Oven Pizza), ("Defendant Corporation"), Domenico Abitino and David

Cortez, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Uncle Mario's Brick Oven Pizza LLC

(d/b/a Uncle Mario's Brick Oven Pizza), Domenico Abitino, and David Cortez.

2.      Defendants own, operate, or control a pizzeria restaurant, located at 739 9th Avenue,

New York, New York 10019.

3.      Upon information and belief, individual Defendants Domenico Abitino and David Cortez, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the pizzeria restaurant as a joint or unified enterprise.

4.      Plaintiffs were employed as delivery workers, food preparers, dishwashers, and pizza makers, at the pizzeria/restaurant located at 739 9th Avenue, New York, New York 10019.

5.      Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked in which they were not paid any compensation for all the hours they worked.

6.      In fact, Defendants failed to pay Plaintiffs appropriately, for a period of approximately three weeks, for any hours worked, either at the straight rate of pay, at the minimum wage, or for any additional overtime premium and spread of hours.

7.      Further, at all relevant times to this complaint Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      Upon information and belief, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from these Plaintiffs' and other tipped employees' wages specifically when customers made credit card payments.

10.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

11.     For the timeframe specified and unspecified in this Complaint Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required

by federal and state law and regulations when Defendants failed to pay Plaintiffs any wages for all the hours they worked.

12.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

15.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a pizzeria restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

16.     Plaintiff Oseas Quic (a.k.a. Brayan) ("Plaintiff Quic" or "Mr. Quic") is an adult individual residing in Bronx County, New York.

17.     Plaintiff Quic was employed by Defendants at Uncle Mario's Brick Oven Pizza from approximately November 22, 2018 until on or about August 25, 2020.

18.     Plaintiff Carlos Chicoj Mejia ("Plaintiff Chicoj" or "Mr. Chicoj") is an adult individual residing in Queens County, New York.

19.     Plaintiff Chicoj was employed by Defendants at Uncle Mario's Brick Oven Pizza from approximately February 15, 2019 until on or about May 28, 2020.

20.     Plaintiff Javier Hernandez ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Bronx County, New York.

21.     Plaintiff Hernandez was employed by Defendants at Uncle Mario's Brick Oven Pizza from approximately 2015 until on or about May 2019.

22.     Plaintiff Ruben Gonzalez Cruz ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Bronx County, New York.

23.     Plaintiff Gonzalez was employed by Defendants at Uncle Mario's Brick Oven Pizza from approximately November 2018 until on or about July 2019.

24.     Plaintiff Luis Ronaldo Suy Ignacio ("Plaintiff Suy Ignacio" or "Mr. Suy Ignacio") is an adult individual residing in Queens County, New York.

25.     Plaintiff Suy Ignacio was employed by Defendants at Uncle Mario's Brick Oven Pizza from approximately February 25, 2019 until on or about November 20, 2019.

*Defendants*

26.     At all relevant times, Defendants owned, operated, or controlled a pizzeria restaurant, located at 739 9th Avenue, New York, New York 10019.

27.     Upon information and belief, Uncle Mario's Brick Oven Pizza LLC (d/b/a Uncle Mario's Brick Oven Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 739 9th Avenue, New York, New York 10019.

28.      Defendant Domenico Abitino is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Domenico Abitino is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Domenico Abitino possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.      Defendant David Cortez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Cortez is sued individually in his capacity as a manager of Defendant Corporation. Defendant David Cortez possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

30.      Defendants operate a pizzeria restaurant located in the Hell's Kitchen section of Manhattan in New York City.

31.      Individual Defendants, Domenico Abitino and David Cortez, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

32.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

34.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

36.     Upon information and belief, Individual Defendant Domenico Abitino operates Defendant Corporation as either an alter ego of  himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

   e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

   f)  intermingling assets and debts of his own with Defendant Corporation,

   g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

   h)  Other actions evincing a failure to adhere to the corporate form.

37.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

38.    In each year from 2015 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the pizzeria restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

40.    Plaintiffs are former employees of Defendants who were employed as food preparers, dishwashers, pizza makers and ostensibly as delivery workers.

41.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Oseas Quic*

42.    Plaintiff Quic was employed by Defendants from approximately November 22, 2018 until on or about June 26, 2020.

43.    Defendants ostensibly employed Plaintiff Quic as a delivery worker.

44.    Plaintiff Quic regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

45.    Plaintiff Quic's work duties required neither discretion nor independent judgment.

46.    Throughout his employment with Defendants, Plaintiff Quic regularly worked in excess of 40 hours per week.

47.    From approximately November 2018 until on or about December 2018, Plaintiff Quic worked from approximately 10:00 a.m. until on or about 5:00 p.m., 6 days a week (typically 42 hours per week).

48.    From approximately January 2019 until on or about February 2019, Plaintiff Quic worked from approximately 10:00 a.m. until on or about 11:00 p.m., 6 days a week (typically 78 hours per week).

49.    From approximately March 2019 until June 26, 2020 Plaintiff Quic worked from approximately 10:00 a.m. until on or about 5:00 p.m. 6 days a week (typically 42 hours per week) except for every 2 months in 2019 when Plaintiff Quic worked from approximately 10:00 a.m. until on or about 8:00 p.m. to 11:00 p.m., 6 days a week (typically 54 to 72 hours per week).

50.    Throughout his employment, Defendants paid Plaintiff Quic his wages by check.

51.    From approximately November 2018 until on or about December 2018, Defendants paid Plaintiff Quic $13 per hour.

52.    From approximately January 2019 until on or about March 2020, Defendants paid Plaintiff Quic $15 per hour.

53.    From approximately June 8th 2020 until on or about June 26th 2020, Defendants paid Plaintiff Quic $10 per hour.

54.    Defendants failed to pay Plaintiff Quic for any of his hours worked for a period of three weeks (18 work days) from approximately February 2020 until on or about March 2020.

55.    Defendants never granted Plaintiff Quic any breaks or meal periods of any kind.

56.    Defendants did not provide Plaintiff Quic an accurate statement of wages, as required by NYLL 195(3).

57.    In fact, Defendants adjusted Plaintiff Quic's paystubs so that they reflected inaccurate wages and hours worked; specifically, Plaintiff Quic's pay stubs missed 1 or 2 hours whenever he worked more than 48 or 49 hours a week.

58.     Defendants did not give any notice to Plaintiff Quic, in English and in Spanish (Plaintiff Quic's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Quic to purchase "tools of the trade" with his own funds—including a bicycle.

*Plaintiff Carlos Chicoj Mejia*

60.     Plaintiff Chicoj was employed by Defendants from approximately February 15, 2019 until on or about May 28, 2020.

61.     Defendants employed Plaintiff Chicoj as a dishwasher and ostensibly as a delivery worker.

62.     Plaintiff Chicoj regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

63.     Plaintiff Chicoj's work duties required neither discretion nor independent judgment.

64.     From approximately February 15, 2019 until on or about July 2019, Plaintiff Chicoj worked from approximately 5:00 p.m. until on or about 12:30 a.m., Sundays through Thursdays (typically 37.5 hours per week).

65.     From approximately August 2019 until on or about November 2019, Plaintiff Chicoj worked from approximately 5:00 p.m. until on or about 12:30 a.m., Sundays through Thursdays and from approximately 10:00 a.m. until on or about 12:00 a.m., on Saturdays (typically 51.5 hours per week).

66.     From approximately December 2019 until on or about January 2020, Plaintiff Chicoj worked from approximately 5:00 p.m. until on or about 12:30 a.m., Sundays through Thursdays (typically 37.5 hours per week).

67.     From approximately February 2020 until on or about April 1, 2020, Plaintiff Chicoj worked from approximately 5:00 p.m. until on or about 12:30 a.m., Sundays through Thursdays and

from approximately 10:00 a.m. until on or about 12:00 a.m., on Saturdays (typically 51.5 hours per week).

68.    From approximately May 8, 2020 until on or about May 18, 2020, Plaintiff Chicoj worked from approximately 10:00 a.m. until on or about 10:00 p.m., Mondays through Sundays (typically 84 hours per week).

69.    From approximately May 19, 2020 until on or about May 28, 2020, Plaintiff Chicoj worked from approximately 10:00 a.m. until on or about 4:00 p.m., Tuesdays through Sundays (typically 36 hours per week).

70.    Throughout his employment, Defendants paid Plaintiff Chicoj his wages by check.

71.    From approximately February 15, 2019 until on or about May 28, 2020, Defendants paid Plaintiff Chicoj $15.00 per hour.

72.    Defendants failed to pay Plaintiff Chicoj for any of his hours worked for a period of three weeks (18 work days) from approximately February 2020 until on or about March 2020.

73.    Defendants never granted Plaintiff Chicoj any breaks or meal periods of any kind.

74.    Defendants withheld a portion of Plaintiff Chicoj's tips; specifically, Defendants withheld 3% of credit card tips.

75.    Defendants did not provide Plaintiff Chicoj an accurate statement of wages, as required by NYLL 195(3).

76.    In fact, Defendants adjusted Plaintiff Chicoj's paystubs so that they reflected inaccurate wages and hours worked.

77.    Defendants did not give any notice to Plaintiff Chicoj, in English and in Spanish (Plaintiff Chicoj's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

78.    Defendants required Plaintiff Chicoj to purchase "tools of the trade" with his own funds—including a bicycle, a basket, a vest, and a helmet.

*Plaintiff Javier Hernandez*

79.    Plaintiff Hernandez was employed by Defendants from approximately 2015 until on or about May 2019.

80.    Defendants employed Plaintiff Hernandez as a delivery worker, food preparer, and a dishwasher.

81.    However, Plaintiff Hernandez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

82.    Although Plaintiff Hernandez was employed as a delivery worker, food preparer, and a dishwasher, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

83.    Plaintiff Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

84.    Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

85.    From approximately 2015 until on or about May 2019, Plaintiff Hernandez worked from approximately 5:00 p.m. until on or about 11:00 p.m., Mondays through Wednesdays and from approximately 5:00 p.m. until on or about 1:00 a.m., Thursdays through Saturdays (typically 42 hours per week).

86.    Throughout his employment, Defendants paid Plaintiff Hernandez his wages by check.

87.    Defendants failed to pay Plaintiff Hernandez for any of his hours worked for a period of three weeks, this includes his first week's deposit which he was told by Defendants he was required to pay (18 work days).

88.    Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

89.     In fact, Defendants adjusted Plaintiff Hernandez's paystubs so that they reflected inaccurate wages and hours worked.

90.     Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

91.     Defendants required Plaintiff Hernandez to purchase "tools of the trade" with his own funds—including 5 bicycles, a helmet, 4 vests per year, and monthly repairs on the bike.

*Plaintiff Ruben Gonzalez Cruz*

92.     Plaintiff Gonzalez was employed by Defendants from approximately November 2018 until on or about July 2019 and from approximately February 2020 until on or about April 2020.

93.     Defendants ostensibly employed Plaintiff Gonzalez as a delivery worker.

94.     Plaintiff Gonzalez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

95.     Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

96.     From approximately November 2018 until on or about July 2019, Plaintiff Gonzalez worked from approximately 5:00 p.m. until on or about 1:30 a.m., 6 days a week (typically 51 hours per week).

97.     From approximately February 2020 until on or about April 2020, Plaintiff Gonzalez worked from approximately 10:00 a.m. until on or about 5:00 p.m., Mondays through Saturdays and from approximately 10:00 a.m. until on or about 12:00 a.m., on Sundays (typically 57.5 hours per week).

98.     Throughout his employment, Defendants paid Plaintiff Gonzalez his wages by check.

99.     From approximately November 2018 until on or about December 2018, Defendants paid Plaintiff Gonzalez $13 per hour.

100.    From approximately January 2019 until on or about July 2019 and from approximately February 2020 until on or about April 2020, Defendants paid Plaintiff Gonzalez $15 per hour.

101.    Defendants failed to pay Plaintiff Gonzalez for any of his hours worked for a period of four weeks (28 work days) from approximately February 2020 until on or about March 2020.

102.    Defendants never granted Plaintiff Gonzalez any breaks or meal periods of any kind.

103.    Defendants withheld a portion of Plaintiff Gonzalez's tips; specifically, Defendants withheld 10% of Plaintiff Gonzalez's credit card tips from November 2018 until on or about April 2019.

104.    Defendants did not provide Plaintiff Gonzalez an accurate statement of wages, as required by NYLL 195(3).

105.    Defendants did not give any notice to Plaintiff Gonzalez, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

106.    Defendants required Plaintiff Gonzalez to purchase "tools of the trade" with his own funds—including a bicycle, a vest, and a helmet.

*Plaintiff Luis Ronaldo Suy Ignacio*

107.    Plaintiff Suy Ignacio was employed by Defendants from approximately February 25, 2019 until on or about November 20, 2019.

108.    Defendants employed Plaintiff Suy Ignacio as a cook, a pizza maker, and a delivery worker.

109.    Plaintiff Suy Ignacio regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

110.    Plaintiff Suy Ignacio's work duties required neither discretion nor independent judgment.

111.    From approximately February 2019 until on or about November 20, 2019, Plaintiff Suy Ignacio worked from approximately 10:00 a.m. until on or about 5:00 p.m., 1 day, from approximately 10:00 a.m. until on or about 5:20 p.m., 3 days, and from approximately 10:00 a.m. until on or about 11:00 p.m. or 11:20 p.m., Saturdays and Sundays (typically 55 hours per week).

112.    Throughout his employment, Defendants paid Plaintiff Suy Ignacio his wages by check.

113.    From approximately February 25, 2019 until on or about November 20, 2019, Defendants paid Plaintiff Suy Ignacio $15 per hour.

114.    Defendants failed to pay Plaintiff Suy Ignacio for any of his hours worked for a period of one week (6 work days) for the last week of October 2019.

115.    Although Defendants granted Plaintiff Suy Ignacio 30 minute meal breaks, they required him to work during these breaks 4 times a week; nevertheless, Defendants deducted 30 minutes for each day of work from Plaintiff Suy Ignacio's weekly wages.

116.    Defendants withheld a portion of Plaintiff Suy Ignacio's tips; specifically, Defendants withheld 5% of all of his credit card tips.

117.    Defendants did not provide Plaintiff Suy Ignacio an accurate statement of wages, as required by NYLL 195(3).

118.    In fact, Defendants adjusted Plaintiff Suy Ignacio's paystubs so that they reflected inaccurate wages and hours worked.

119.    Defendants did not give any notice to Plaintiff Suy Ignacio, in English and in Spanish (Plaintiff Suy Ignacio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

120.    Defendants required Plaintiff Suy Ignacio to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, a vest and a bicycle lock.

*Defendants' General Employment Practices*

121.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

122.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

123.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

124.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiffs of a portion of the tips earned during the course of employment.

125.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

126.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

127.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

128.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

129.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

130.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

131.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

132.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been

subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

133.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

134.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

136.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

137.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

138.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

139.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

140.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

141.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

142.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

143.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

144.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

145.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

146.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

147.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

148.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

149.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

- 18 -

150.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

151.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

152.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

153.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

154.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

155.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

156.    `Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

157.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

158.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

159.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

160.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

161.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

162.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

163.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

164.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

165.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs,

further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

166.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

167.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

168.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

169.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

170.    Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

171.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

Plaintiffs were damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

172.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

173.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

174.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

October 19, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

July 20, 2020

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:         Oseas a.k.a. Brayan Quic

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                     Oseas quic sapon

Date / Fecha:         20 de julio de 2020

_Certified as a minority-owned business in the State of New York_

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                  Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620
Faillace@employmentcomplieance.com

July 21, 2020

BY ELECTRONIC SIGNATURE

TO:      Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Carlos Chicoj Meija

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     21 de julio 2020

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

August 27, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Javier Justo Hernandez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     27 de agosto 2020

*Certified as a minority-owned business in the State New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

July 2, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                   Luis Ronaldo Suy Ignacio

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    2 de Julio 2020

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

July 17, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                Ruben Gonzalez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                17 de julio de 2020

*Certified as a minority-owned business in the State New York*