UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OSEAS QUIC, *et al.*, *on behalf of themselves and others similarly situated*,

                Plaintiffs,

v.

UNCLE MARIO'S BRICK OVER PIZZA LLC *doing business as* UNCLE MARIO'S BRICK OVER PIZZA, *et al.*,

                Defendants.

No. 20-CV-8712 (RA)

**MEMORANDUM**
**OPINION & ORDER**

---

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Oseas Quic, Carlos Chicoj Mejia, Javier Hernandez, Ruben Gonzalez Cruz, and Luis Ronaldo Suy Ignacio bring this action against Uncle Mario's Brick Oven Pizza, Domenico Abitino, and David Cortez, raising claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). After engaging in an arms-length negotiation through the Southern District of New York's mediation program, the parties reached an agreement to resolve this litigation. *See* Dkts. 26, 32. For the following reasons, the parties' settlement agreement is approved.

**LEGAL STANDARD**

    District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015). In doing so, courts must evaluate the totality of circumstances, including but not limited to: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and

defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).[1]

## DISCUSSION

Having reviewed the parties' proposed agreement and the letter in support of their motion for settlement approval, the Court finds that the settlement amount is fair and reasonable.

### I. The Settlement Amount

Under the proposed agreement, Defendants have agreed to pay Plaintiffs a total of $22,500, a portion of which ($7,500) is reserved for attorneys' fees and costs. Plaintiffs allege that they are entitled to back wages of approximately $18,234.00 and would be entitled to approximately $83,020.82 if they had recovered in full for their claims, which represent calculated actual damages, penalties, and interest, but exclude attorneys' fees and costs. Plaintiffs' recovery through litigation, however, would depend on their ability to demonstrate that the time records and wage statements maintained by Defendants are inaccurate. Considering the "legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement," *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y, 2016), the settlement amount is reasonable. Additionally, Plaintiffs' counsel represented that the settlement was an "excellent" result given Defendants' "strained" business position due to the COVID-19 pandemic, which could make collection of a judgment difficult. Dkt. 32 at 2; s*ee also Wiles v. Logan Staffing Sols., Inc.*, No. 18 Civ. 9953 (RA), 2020 WL 996735, at *1 (S.D.N.Y. Mar. 2,

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2020). For these reasons, and based on the totality of the circumstances, the Court finds the settlement amount to be reasonable.

## II.   Attorneys' Fees

The Court has also reviewed Plaintiffs' counsel's contemporaneous time records and approves the proposed attorneys' fees. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). The agreement provides that Plaintiffs' counsel shall receive $7,500 in costs and fees (one third of the settlement amount). The Court notes that these fees are less than Plaintiffs' original retainer agreement of forty percent and less than Plaintiffs' counsel's recorded fees. "Courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). Accordingly, the Court concludes that these proposed attorney's fees are reasonable as a fair percentage of the net award.

## III.   Release Provisions

The Court next finds that the release of claims provided for in the Agreement is appropriately limited in scope. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Here, Plaintiffs have agreed to release Defendants only from claims "relating specifically to the claims in [this] Litigation [and] . . . in particular, the claims under the Fair Labor Standards Act, the New York Labor Law, the New York Minimum Wage Act, and the Hospitality Wage Order of the New York Commissioner of Labor." *See* Dkt. 32-1 ¶ 7. This

release of claims is limited to the wage-and-hour issues asserted in this action or related claims that could have been asserted. *See id.* Similar releases are routinely approved. *See Sanders v. CJS Sols. Grp., LLC*, No. 17 Civ. 3809 (ER), 2018 WL 1116017, at *2 (S.D.N.Y. Feb. 28, 2018) (release of claims "that were or could have been asserted" in the action "[fell] well within the scope of permissible releases under *Cheeks*"). The release provisions are accordingly approved.

**IV.   Non-Disparagement Provision**

Finally, courts must carefully scrutinize confidentiality and non-disparagement provisions in FLSA settlement agreements in order to ensure that they do not undermine the broad remedial goals of the FLSA. *See Nights of Cabiria*, 96 F. Supp. 3d at 180 n.65; *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015). The parties' proposed agreement does not contain a confidentiality provision. It does, however, obligate the parties to refrain from making any statement or disclosure "that would negatively comment on, disparage, or call into question the business operations, policies, or conduct of the other." Dkt. 32-1 ¶ 10. The non-disparagement clause contains a carve-out: it provides that Plaintiffs are not prohibited "from making truthful statements about [their] experience[s] in litigating this action." Non-disparagement clauses are not *per se* objectionable, and may be fair and reasonable so long as they "include a carve-out for truthful statements about plaintiffs' experience litigating their case." *See Lazaro-Garcia*, 2015 WL 9162701, at *3; *see also Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18 Civ. 454 (RA), 2018 WL 3733951, at *3 (S.D.N.Y. Aug. 6, 2018) (approving non-disparagement clause that included such a carve-out); *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (same). Because the parties have included a satisfactory "carve-out," the Court concludes that the non-disparagement clause is fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the Agreement and dismisses this action with prejudice pursuant to Plaintiffs' letter and the settlement agreement. Dkts. 32, 32-1 at 2. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   October 7, 2021
         New York, New York

                                                          _____
                                                          Ronnie Abrams
                                                          United States District Judge